920 F.2d 935
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David P. GRAUER, Plaintiff/Appellant,
v.
Michael MARCHESE, Defendant/Appellee.
 No. 90-1212.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 7, 1990.*
Decided Dec. 12, 1990.
 
 Before BAUER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Grauer appeals from a judgment for the defendant-appellee Marchese, a police officer for the city of Schaumburg, Illinois, entered on a jury verdict. Grauer brought this action pursuant to 42 U.S.C. Sec. 1983 claiming that Marchese had violated his civil rights by arresting Grauer without probable cause and in bad faith, had manufactured evidence and had jailed Grauer for an unreasonable length of time. Grauer raises only one objection to the proceedings below, charging that the district court erred when it gave a jury instruction that it had refused during a conference prior to closing arguments.
 
 
 2
 While we find that it was error to give an instruction that had been refused earlier, we hold that the error did not prejudice Grauer and affirm the district court's decision not to grant a new trial.
 
 
 3
 During a conference on jury instructions, the district court refused an instruction tendered by the defendant which read:
 
 
 4
 "As a police officer for the Village of Schaumburg, the defendant had the lawful authority, indeed the lawful duty under State law, to prevent and detect criminal activity, to apprehend offenders, to protect life and property, to enforce all laws and ordinances, and to provide those services deemed to be proper functions of a member of the police department."
 
 
 5
 However, during the jury charge at trial, the district court inadvertently gave the previously refused instruction. (Tr. Vol. 1 p. 35). Grauer claims that by tendering the previously refused instruction the district court materially prejudiced his case by unfairly surprising his counsel and preventing him from making an effective closing argument. Grauer asserts that the district court violated Fed.R.Civ.P. 51 when it gave the previously refused instruction.
 
 
 6
 In reviewing a challenge to a jury instruction, we consider the instruction not in isolation but in the context of the trial as a whole. Sims v. Mulcahy, 902 F.2d 524, 533 (7th Cir.), cert. denied, 111 S.Ct. 249 (1990). That is, we consider the challenged instruction in the context of all the instructions given to the jury and in light of the complaint, arguments and evidence in the record. Lynch v. Belden And Co., 882 F.2d 262, 267 (7th Cir.1989), cert. denied 110 S.Ct. 1134 (1990), quoting General Leaseways Inc. v. Nat. Truck Leasing Ass'n, 830 F.2d 716, 725 (7th Cir.1987).
 
 
 7
 Rule 51 provides that "the court shall inform counsel of its proposed action upon request prior to their argument to the jury ..." In light of the district court's decision at the jury instruction conference not to give the instruction at issue, and his statement to counsel to that effect, it is clear that the district court did not follow the edict of Rule 51. At the time of his closing argument, Grauer was not fully informed of the district court's planned charge to the jury. While we find no fault with the content of the challenged instruction[1], the district court's error lies in the surprise to Grauer's counsel from tendering the refused instruction. Grauer made a timely objection to the instruction and was not expecting it to be given to the jury. Under these circumstances it was error for the district court to tender the challenged instruction. Joseph v. Brierton, 739 F.2d 1244, 1248 (7th Cir.1984).
 
 
 8
 However, we will not reverse a judgment due to error in jury instructions unless the error effects the substantial rights of the parties. General Leaseways, 830 F.2d at 725; Fed.R.Civ.Pro. 61. We will only reverse an error in jury instructions if the party challenging the instruction shows prejudice resulting from the instruction. Vaughn v. Willis, 853 F.2d 1372, 1376 (7th Cir.1988). In the case at bar, Grauer has failed to show prejudice from the erroneously tendered instruction. While Grauer argues that he was prevented from making an effective closing argument, he offers no evidence as to how his closing argument was prejudiced by the challenged instruction. Grauer was not prevented from arguing that the defendant's actions were beyond his legal duty. (Tr. Vol. 1 p. 3-5). The challenged instruction does not undermine that argument. Sims, 902 F.2d at 533, quoting McDonald v. Sandvik Process Systems, Inc., 870 F.2d 389, 395 (7th Cir.1989).
 
 
 9
 Furthermore, Grauer had adequate notice of the substance of the jury instructions. The erroneously given instruction does not change the overall substance of the instructions. We have held that the district court is not obliged to inform counsel of the precise instructions to be offered in advance but only of their overall substance. Siddigi v. Leak, 880 F.2d 904, 911 (7th Cir.1989). The instruction at issue here served a "legitimate descriptive purpose", United States v. Doerr, 886 F.2d 944, 961 (7th Cir.1989) of which Grauer had general notice. We therefore find no prejudice from the district court's tender of this instruction and AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Admitting its inadvertence in giving the instruction, the district court stated that it believed the instruction properly stated the law and had originally refused the instruction because it viewed it as "superfluous". (Tr. Vol. 2 p. 1)